504 A.2d 1160

**Donna M. ADCOCK**

v.

**STATE of Maryland.**

**No. 770, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 14, 1986.

Paul F. Harris, Jr., Glen Burnie, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Phillip T. Caroom, Asst. State's Atty. for Anne Arundel County, on brief, Annapolis), for appellee.

Argued before GILBERT, C.J., and MOYLAN and AL-PERT, JJ.

MOYLAN, Judge.

The appellant, Donna A. Adcock, was convicted by an Anne Arundel County jury, presided over by Judge H. Chester Goudy, Jr., of 1) distribution of cocaine and 2) possession of cocaine with intent to distribute. Upon this appeal, she raises two ostensible contentions which reduce themselves to nothing more than facets of a single contention. The ostensible contentions are:

1) That Judge Goudy erroneously failed to grant the appellant's requested instruction on the subject of entrapment; and

2) That Judge Goudy erroneously instructed the jury that entrapment, as a matter of law, simply did not exist in this case.

If Judge Goudy had been wrong in failing to give the requested instruction, that omission would be reversible error even without the subsequential error of commission. If, on the other hand, Judge Goudy correctly declined to instruct on entrapment, it follows ineluctably that his instruction that there was no entrapment in the case (necessary because the advocates were strenuously arguing the issue) was absolutely correct. The only issue before us is that of whether there had been generated a *prima facie* case of entrapment so as to create a genuine jury issue in that regard.

Entrapment is a phenomenon with respect to which "It Takes Two to Tango." There needs to be both the active and the passive voice at work. It is not enough that the policeman *induce;* it is also required that the defendant, in fact, *be induced.* With respect to the criminal conduct ostensibly induced, it is not enough that there be an improper solicitation; it is further required that there be a consummation in response to that solicitation.

W. LaFave and A. Scott, *Criminal Law* (1972) defines entrapment, at 371:

"[F]or entrapment to be established, (1) the government must, for the purpose of obtaining evidence, originate the crime and induce the defendant to commit it; and (2) the defendant must be an 'innocent' person *who would not have committed a crime of this sort had he not been thus induced.*" (Emphasis supplied).

C. Whitebread, *Criminal Procedure* (1980) similarly defines entrapment, at 564:

"The defense of entrapment arises when a defendant, *who has admittedly committed a crime,* can prove that the actions of law enforcement authorities caused him to commit the crime." (Emphasis supplied).

It is necessary that there be generated a legally sufficient (*prima facie*) case, with the burden of production squarely allocated to the proponent of the defense, as to both 1) improper inducing behavior on the part of the government and 2) the actual succumbing to that inducement on the part of the defendant.

We have no difficulty in holding in the case at bar that there was an utter failure of the appellant to make out a *prima facie* case of entrapment. Without for a moment suggesting that there was anything improper in the police behavior in this case, it is unnecessary to examine it, for it is immaterial. It is not necessary to assess the lures, proper or improper, that may have been dangled, or may not have been dangled, by the undercover policeman, for the only evidence is that the appellant did not rise to the bait.

The crime for which the appellant was convicted occurred on the night of August 21, 1984, on the parking lot of the Margate Apartments in Anne Arundel County. A drug transaction there took place involving the sale of one ounce of cocaine for $2,000. The appellant, as the intermediary between the seller Jacqueline Lawler and the purchaser David Powell, a police informant, was convicted of 1) the

distribution of cocaine and 2) the possession of cocaine with intent to distribute. The State's theory of guilt, accepted by the jury, was that the appellant had arranged the transaction between buyer and seller, introduced the two parties to each other, and took ⅛th of an ounce of cocaine as her commission.

An entrapment defense with respect to such a crime would have to show, *inter alia*, that the appellant had, indeed, acted in such a criminal fashion but had been induced to do so by the persuasive powers of the state agent. Two witnesses appeared at the trial who might have offered evidence on the appellant's having been induced to commit this criminal act. Neither did so.

The first such witness was the police informant, David Powell. Needless to say, his testimony did not remotely suggest that he had attempted to induce the appellant into criminal behavior, let alone that she had succumbed to such inducement.

The only other witness was the appellant herself. Far from testifying that she was induced into the commission of a crime that night, she swore unequivocally that she committed no crime and had no idea that any crime was to take place. She testified that she had no knowledge that David Powell was going to purchase cocaine from Jacqueline Lawler. With respect to foreknowledge that the transaction was to occur, she emphatically denied any:

"Question: Do you have any previous knowledge of the transaction, did you know about it?
Answer:     No."

The appellant's testimony was that she and David Powell were going to Jacqueline Lawler's apartment on the evening of August 21, 1984, for the sole and exclusive purpose of having a party. On the cross-examination of the appellant, the following exchange occurred:

"Question: OK. But you knew that he was going to Jacqueline Lawler's house to buy cocaine?

Answer:   No, I didn't know he was going to buy cocaine.

Question: And why were you going to introduce her ...

Answer:   I was going to ...

Question: Introduce David Powell to Jacqueline Lawler?

Answer:   We were going to go in there and see if we could go in there and party, just drink or whatever. I didn't know there was dope in that house."

The appellant testified that when Jacqueline Lawler got into the car occupied by herself and David Powell, she introduced Jaqueline and David to each other. The transaction that followed came, according to the appellant's sworn testimony, as a total surprise to her:

"Question: Right, and then what did they say?

Answer:   I don't know, she handed him something and he—I was sitting in the front seat, *I didn't know what was going on,* they handed each other something and the next thing I know we were surrounded by cops and I was and we were taken in and we were arrested." (Emphasis added).

It is to state the self-evident to point out that the testimony *"I did not do it"* is no *prima facie* predicate for the proposition *"I did do it,* but only because I was induced to do it." Far from establishing entrapment, the appellant's testimony expressly negated it.

As a matter of law, there was no entrapment in this case. Judge Goudy was correct in declining to give the appellant's requested instruction on the subject of entrapment. Because, moreover, counsel were confusing the jury by arguing an immaterial issue that had no business before it, Judge Goudy was equally correct in instructing the jury that entrapment, as a matter of law, simply did not exist in this case.

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.